IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CURTIS LEE SHEPPARD | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv169 |
| WARDEN R. ALFORD | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Curtis Lee Sheppard, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to 42 U.S.C. § 1983 against R. Alford and Steve Massie. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends this lawsuit be dismissed for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections. After careful consideration, the court concludes the objections are without merit. Plaintiff complains that prison officials violated a state statute when they assigned him to a prison unit 800 miles from his home and refused his request for a transfer closer to his home.[1] As the Magistrate Judge stated, a federal

---

[1] In his complaint, plaintiff stated the officials were violating Section 501.098 of the Texas Government Code. After considering plaintiff's allegations, the Magistrate Judge concluded plaintiff was actually complaining about a violation of Section 501.099 of the Government Code. In his objections, plaintiff states he is indeed alleging a violation of Section 501.098, although he quotes language from Section 501.099. As a result, the court will consider his complaint to be based upon a violation of Section 501.098. However, as explained above, the complaint fails to state a claim regardless of which state statute it alleges is being violated.

Plaintiff also asserts that in stating his lawsuit was based on a violation of Section 501.099, and in recommending that certain of his other lawsuits be dismissed, the Magistrate Judge demonstrated a bais against

civil rights lawsuit must be based on violation of federal law, rather than state law.  An alleged violation of a state statute does not give rise to a cause of action under Section 1983 unless the right at issue in the state statute is guaranteed under the United States Constitution.  *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 352 (5th Cir. 2012).  The United States Constitution does not grant a prisoner the right to be housed at a particular prison facility.  *Fuselier v. Mancuso*, 354 Fed.Appx. 49 (5th Cir. 2009).  Plaintiff has failed to state a claim upon which relief may be granted.  A state court is generally the proper forum to consider an alleged vioaltion of state law.

### ORDER

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**.  A final judgment shall be entered dismissing this lawsuit.

So **ORDERED** and **SIGNED** this **21** day of **August, 2012.**

_____
Ron Clark, United States District Judge

---

plaintiff and should be recused.  However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Plaintiff has failed to show a basis for the Magistrate Judge's recusal.